# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PRESTON JEROME TAYLOR, #569337, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0289-KD-MU |
| NOAH PRICE OLIVER, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail in inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with leave being granted to file a second amended complaint that complies with the Court's order of August 16, 2018 (Doc. 6) within the time period for filing objections to the Report and Recommendation or, in the alternative, that this action be dismissed without prejudice for failure to obey the Court's order (*id.*).

**I. Amended Complaint.** (Doc. 7).

This action is before the Court on Plaintiff's first amended complaint, which the Court ordered Plaintiff to file after screening his original complaint. (Docs. 1, 6, 7). The order advised Plaintiff of his complaint's deficiencies, that is, no defendant was named

in section III of the complaint form and the complaint contained unrelated claims. (Doc. 6 at 1). Plaintiff was ordered to pick one of his claims and any claims closely related to it to include in his amended complaint and was advised of pleading standards for stating a § 1983 claim upon which relief can be granted. (*Id.* at 2-4). In addition, Plaintiff was advised that completing the complaint form in its entirety would assist him in overcoming pleading problems and his amended complaint would replace his original complaint, and he was warned that his failure to file a complying amended complaint would result in a recommendation of dismissal of his action. (*Id.* at 1, 4).

In the amended complaint filed by Plaintiff, he did not pick one of his claims on which to proceed, but instead he re-alleged most of his original complaint's narrative of his claims. (Doc. 7 at 4-5). However, he did name a Defendant, as ordered. (*Id.* at 6). The sole Defendant identified by Plaintiff is Noah Oliver, Warden of the Mobile County Metro Jail ("Metro"). (*Id.*). He claims that, as the warden, Defendant Oliver is "ultimately responsible for every issue regarding this facility." (*Id.*). This is the extent of Plaintiff's description of his claim against Defendant Oliver, as no further reference is made to Defendant Oliver in the allegations. (*Id.* at 4-5). Furthermore, the relief sought by Plaintiff is: "Pain and suffering compensation, the building of the law library as well as all nec[ess]ary adjustments to the laws and this facility." (*Id.* at 8).

According to Plaintiff, the food portions are restricted by calories, lacking in substance per portion, are inconsistent in quantity, and have been cut in half, which even correctional officers feel is inhumane. (*Id.* at 4). And on the weekends only two meals a day are served, a regular breakfast and a "snack lunch" for dinner. (*Id.*).

Plaintiff asserts that he is being subjected to "horrible conditions and poor treatment" as if he already has been found guilty and convicted. (*Id.*). By law, he maintains, that he is innocent until proven guilty and therefore has a right to privacy and humane treatment. (*Id.*). Nevertheless, he contends that caged animals in shelters received more food and better treatment than he has. (*Id.*).

With respect to his housing, he avers that four to five inmates are assigned to a two-man cell, which he claims is a fire hazard and against the federal code, as men are forced to regularly sleep on the floor. (*Id.* at 5). To correct this situation, he states that a federal grant should be given to Mobile County, Alabama, to build a new facility to hold its inmates or to add to the facility, or that the county's laws need to be investigated or adjusted with respect to misdemeanors and minor felonies (theft, small property crimes). (*Id.*). For example, he asserts that, according to the law, a person has a right to a bond on every non-capital offense "regardless of circumstances as long as they haven't been convicted of either offen[s]e"; but what occurs is a person with two felony charges, acquired on two separate occasions, does not have a right to have a bond for each charge, which is contrary to the law. (*Id.*).

Furthermore, in an unusual statement, Plaintiff states that "[t]he first matter to be addressed that is considered unconstitutional by legal standards is the fact that this facility does not allow access to a law library." (*Id.*). Does this statement mean that the other complained of matters he does not consider to be unconstitutional? He relates that the jail contends that as long as an inmate is not denied legal representation or a visit from his attorney, the jail is in compliance with federal law. (*Id.*). However, according to the law, he maintains that a man has right to represent himself, especially

3

when he believes counsel may be inadequate. (*Id.*). He questions how a man can do this or know if his attorney's recommendation is in his best interest without access to legal materials. (*Id.*).

In concluding the amended complaint, he refers the Court to original complaint, for the signatures of petitioners and potential witnesses.[1] (*Id.*; *see* Doc. 1 at 10).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). And a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to

---

[1] The decision in *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir.), *cert. denied,* 534 U.S. 1136 (2002), interpreted 28 U.S.C. § 1915 as permitting only one prisoner to proceed *in forma pauperis* in an action. *Id.* at 1198. Accordingly, there is only one plaintiff to this action. Moreover, Plaintiff Taylor is the only person who filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2).

4

relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court liberally construes them and holds them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A liberal construction, however, does not give a court a "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989); *see* S.D. Ala. GenLR 83.5 (requiring any litigant proceeding *pro se* to comply with this Court's Local Rules and the Federal Rules of Civil and Criminal Procedure).

### III. Analysis.

#### A. Failure to State a Claim.

In the amended complaint, Plaintiff named Metro's warden, Noah Oliver, as the sole Defendant. (Doc. 7 at 6). The basis for liability against him is he "is ultimately responsible for every issue regarding this facility." (*Id.*). Plaintiff does not offer any other information concerning Defendant Oliver's involvement in his claims. However, the Court explained in its prior order that Plaintiff must allege a plausible claim in the

amended complaint. (Doc. 6 at 2). The Court described a plausible claim as one which was more than an allegation that the-defendant-unlawful-harmed-me, *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949, because a plausible claim requires sufficient facts showing the defendant is liable for the complained of conduct, thereby "rais[ing] a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010).

In the context of the amended complaint, Plaintiff's allegation that Defendant Oliver is ultimately responsible for every issue regarding the facility is the equivalent of simply saying the defendant unlawfully harmed me. Moreover, the law provides that in a § 1983 action a supervisor cannot be held liable for a subordinate's action either vicariously or under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling the city could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee in a § 1983 action). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The causal connection may occur through the official's custom, policy, notice, order, or knowledge that the subordinate would act unlawfully, but he failed to stop the subordinate. *Id.* Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Moreover, when the underlying actions of a subordinate or employee caused no constitutional harm,

6

liability cannot be imposed on the supervisor, employer, or governmental entity for its allegedly related policy. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986).

In the amended complaint, but for the single mention of Defendant Oliver being responsible for all the issues, no other allegations refer to Defendant Oliver. That is, Defendant Oliver is not *shown* to have a connection to food service, housing assignments, making bond, or denying access to courts (through the lack of access to a law library or legal materials). Whereas, it is Plaintiff's burden to *show* that Defendant Oliver is causally connected to a violation of his constitutional rights. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"). This is necessary to state a plausible claim. *Ribbing v. Florida*, No. 18-12274 (11th Cir. Dec. 7, 2018) (unpublished). Furthermore, Plaintiff does not complain that he has suffered an injury or will suffer an imminent injury. *Lewis v. Casey*, 518 U.S. 343, 348-352, 116 S.Ct. 2174, 2178-80, 135 L.Ed.2d 606 (1996) ("The requirement that an inmate . . . must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."). Thus, the Court finds that Plaintiff has not stated a claim against Defendant Oliver. As a consequence, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) for failure to state a claim.

**B. Failure to Comply with the Court's Order.**

In addition, Plaintiff failed to comply with the Court's August 16, 2017 order, requiring him to select one of his claims and any claims closely related to it on which to proceed in the first amended complaint and to plead an amended complaint that followed the pleading instructions in the order. (Doc. 6). Instead of following the Court's order, Plaintiff simply reiterated his same unrelated claims contained in the original complaint, which did not comply with § 1983 and Rule 8(a) pleading requirements. *Compare* Doc. 7 at 4-5 *with* Doc. 1 at 8-10. In the prior order (Doc. 6 at 3), the Court warned Plaintiff that a separate action must be filed for each unrelated and that his failure to file an amended complaint that complied with the Court's order would result in a recommendation for his action's dismissal for failure to prosecute and to obey the Court's order. *See Birdette v. Saxon Mortg.,* 502 F. App'x 839, 841 (11th Cir.) (unpublished) (affirming a dismissal with prejudice for the *pro se* plaintiffs' failure to file an amended complaint that complied with the Court's order to plead an amended complaint that conformed with the Court's instructions on how to state a claim in order to correct their "shotgun" complaint), *cert. dismissed*, 568 U.S. 1225 (2013)[2]; *Arnold v. City of Columbus, Ga.*, 438 F. App'x 892, 893 (11th Cir.) (unpublished) (affirming the dismissal of the *pro se* plaintiff's complaint for failure to comply with the Court's order to replead the complaint in accordance with its directives in order to cure the original complaint's deficiencies), *cert. denied,* 565 U.S. 1199 (2012); *Muhammad v. Bethel*, 430 F. App'x 750, 753 (11th Cir. 2011) (unpublished) (affirming the dismissal of the *pro se* plaintiff's action for failure to comply with the court's order to replead an amended complaint that complied with its instructions on how to fix

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

the complaint's deficiencies); *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) (approving the dismissal of a complaint pursuant to Fed.R.Civ.P. 41(b) for failure to comply with court's directive to plead a complaint that complies with Fed.R.Civ.P. 8(a)), *cert. denied,* 502 U.S. 855 (1993), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639 (2008). Inasmuch as Plaintiff did not file an amended complaint that complied with the Court's order, his action is due to be dismissed without prejudice for failure to comply with the Court's order.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with leave being granted to file a second amended complaint that complies with the Court's order of August 16, 2018 (Doc. 6)[3] within the time period for filing objections to the Report and Recommendation[4] or, in the alternative, that this action be dismissed without prejudice for failure to obey the Court's order (*id.*).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[3] The Clerk is **DIRECTED** to send the Court's § 1983 complaint form for his use in the event he elects to file a second amended complaint.

[4] If Plaintiff does file a second amended complaint, it will undergo the screening process under 28 U.S.C. § 1915(e)(2)(B) and will be reviewed for complying with the Court's order of August 16, 2018 (Doc. 6). Should the second amended complaint fail the screening process or not comply with the Court's order, it will be dismissed.

9

written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 21st day of December, 2018.


                                s/ P. BRADLEY MURRAY
                                **UNITED STATES MAGISTRATE JUDGE**