**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PRESTON TAYLOR, #0569337,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION 1:17-00289-KD-MU** |
| | : | |
| **NOAH PRICE OLIVER,** | : | |
| **Defendant.** | : | |

**ORDER**

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated December 21, 2018, is **ADOPTED** as the opinion of this Court.

The Petitioner has alleged that Warden Oliver is responsible for all that happens at the jail. However, the law requires more to hold Oliver liable. And even if the Court were to generously construe the Petitioner's claims as asserting that Warden Oliver established a policy or custom to give inadequate food portions to inmates, house 4 inmates in a 2-inmate cell, and not provide inmates with law library access, the Petitioner still fails to state a viable Section 1983 claim. This is primarily because the Petitioner fails to sufficiently allege any cognizable injury.

For the first two claims regarding food and overcrowding, relief under Section 1983 generally requires that the Petitioner show a physical injury or imminent threat of a physical injury; a petitioner may not recover under Section 1983 for mental or emotional injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[]"); see <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1348 n. 13 (11th Cir. 2002) (listing decisions involving *de minimis* injury). Furthermore, actions alleging

defamation of character or injury to reputation are not cognizable in a Section 1983 action. Paul v. Davis, 424 U.S. 693, 710-712 (1976); Von Stein v. Brescher, 904 F.2d 572, 583 (11th Cir. 1990).

As to the claim that Warden Oliver fails to provide law library access, the Petitioner again fails to allege *how* he has been injured. See, e.g., Al-Amin v. Smith, 511 F.3d 1317, 1331-32 (11th Cir. 2008) (lack of access to law library "must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action[]" in court).

Accordingly, it is **ORDERED** that the Petitioner's action is **DISMISSED** without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[1]

**DONE** and **ORDERED** this the **8th** day of **January 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The Petitioner was granted leave to file a second amended complaint that complies with the Court's order of August 16, 2018 (Doc. 6) within the time period for filing objections to the Report and Recommendation; he did not do so.